JONES *v.* STATE

No. 39845          January 23, 1956          84 So. 2d 799

*John B. Gee,* Vicksburg, for appellant.

*J. R. Griffin,* Asst. Atty. Gen., Jackson, for appellee.

McGEHEE, C. J.

Because of the death of the Court Reporter, the stenographic notes of the testimony taken at the trial of the above styled cause were never transcribed. But the record on appeal discloses the indictment on which the appellant was tried and convicted of obtaining money under false pretenses and the judgment whereby he was sentenced to serve a term of five years in the state penitentiary.

The assignment of errors challenges the sufficiency of the indictment and the right of the trial court to im-

pose a sentence of more than three years of imprisonment in the state penitentiary upon a conviction under Section 2151, Code of 1942, which is the statute specifically referred to in the indictment as having been violated.

■■■ That statute merely provides that one convicted of having violated the same shall be punished therefor "as for false pretenses". There are several preceding statutes of the Code chapter which prescribe punishment of ten years, seven years and other periods of imprisonment in the state penitentiary for particular types of crime by false pretenses, including Section 2149, prescribing a maximum of three years imprisonment in the penitentiary. We have concluded that the latter section is the statute to which we must look for the proper sentence under Section 2151, supra, since it is the one which deals with conduct more similar to that here involved—obtaining the money or other property of another by any false pretense.

■■■ Complaint is made of the indictment in many respects. It charges that the accused sold a bale of lint cotton on which he had given "a deed of trust and lien" in favor of the United States of America, and without informing the purchaser of the cotton of the existence and state of the lien; that the cotton was sold to Nathan Levy & Company, a partnership composed of Nathan Levy, Sr., and Mrs. Ruth Levy, for the sum of $144.50, with the felonious intent to cheat and defraud the said partnership, etc., giving the gin tag number, warehouse receipt number and weight of the bale of cotton; and alleging that he did cheat and defraud the said Nathan Levy & Company of the said sum of $144.50.

In other words, the indictment is full and complete; it does not charge more than one offense in a single count, a "deed of trust and lien" being one and the same thing, and the gravamen of the offense being that he sold property on which he had previously given a

lien without informing the purchaser of the lien, and thereby fraudulently and feloniously obtaining the money of the purchaser.

We have considered the other grounds of the demurrer to the indictment, and we are of the opinion that all of them are without merit.

The judgment appealed from will, therefore, be affirmed, but the cause is remanded for the imposition of the proper sentence under Section 2149, Code of 1942.

Affirmed, but remanded for proper sentence.

*Hall, Lee, Kyle* and *Holmes,* JJ., concur.